The last case today, number 231609 Neysa Cruz-Cedeno et al. v. Fernando Vega-Moral. Counsel for the appellant, please introduce yourself on the record to begin. Good morning. Excuse me. Juan Martinez on behalf of appellants. May I reserve two minutes for rebuttal, please? You may. Let's proceed. This appeal concerns a fundamental legal error. The district court improperly dismissed appellant's claims as time-barred, misapplied Puerto Rico's law of perfect solidarity, and then abused her discretion by refusing to consider a state court complaint when it was properly placed on the record in reconsideration. In doing so, the court imposed an unduly punitive result, dismissing a meritorious claim not because of a substantive legal defect but because of a procedural technicality that contradicts Puerto Rico law. The court refused to consider controlling precedent that applies retroactively, failed to recognize that the statute of limitations was told under perfect solidarity, and disregarded a key document, the state court complaint, that should have been part of the record all along. Counsel, isn't there an issue dealing with Puerto Rico law? And I will cite to opposing counsel cites the Menendez v. Rodriguez-Casiano case from the Supreme Court. It's a judgment, but it's got a concurring opinion, which has persuasive value. But the issue that defense is arguing, the appellee is arguing, is that, you know, when, you know, there is the general rule that, you know, the tolling occurs as to all. But in the court below, the complaint just didn't identify the appellee enough. And if that is the case, then it doesn't toll it as to him. So what do you have to say as to that?  When considering what was alleged in the state court complaint, the state court complaint specifically referenced the defendant, not by name, but by occupation and what he was doing. And let me just explain a little. The facts of this case occurred approximately in 2016. So the one-year statute of limitations was to be, would expire in 2017. When the statute of limitations was set to expire, Puerto Rico was under Hurricane Maria. Okay? As a result of Hurricane Maria, the Puerto Rico Supreme Court told all time periods until November 30th. Excluding statute of limitations. Yes. And that's an order from the Supreme Court. Now, at that point in time, plaintiffs did not have the medical record, a certified copy of the medical record of the hospital. So it was impossible to know the names of the physicians that treated the patient. Counsel, let me ask you about that, because the facts of this case are obviously extremely sad and upsetting. So I just want to acknowledge how difficult this must be for your clients. But looking at the statute of limitations issue, I believe it was about 11 months between, and you can correct me if I'm wrong, between the child's death and when the hurricane hit. So during that time period, because I think, you know, the case law that Judge Helpe refers to does require diligence to discover the names of all people who could be potential defendants. Why wasn't it possible for your clients to determine who Dr. Vega was, so to name him by his actual name, not as a Juan Do during those 11 months? Well, I can only imagine, Your Honor, that they were grieving the death of their child. I mean, these cases are a bit complicated. You know, the statute of limitations. There's something that, of course, the grievance, but the attorneys are doing their job during these 11 months. Oh, absolutely. But the thing is that when I received the case, it was during Maria. I didn't receive the case 11 months before. I received the case basically a month before it was set to expire. We understand, counsel, but the obligation does start to run, you know, at the time of the death, very sadly again. So at that point, you know, the case law says waiting until the end to start doing the due diligence doesn't entitle the plaintiff to equitable tolling. So I think that's what we're trying to understand. Well, I think at the end of the day, you know, the complaint was filed, you know, pursuant to the Supreme Court's allowance of an extended time period within the statute of limitations. But, counsel, nobody's disputing that. The question is whether the filing of that complaint told the running of the statute of limitations against Dr. Vegas. Absolutely, for two reasons. First, because even though he was not mentioned explicitly by name, he was mentioned as a treating physician at the ER of the hospital where the child was treated. But second, and most importantly, considering the new jurisprudence from the Supreme Court, which is the one that was passed by Juarez and Cruz-Resto versus Ryder, the hospital was included. And our contention is that perfect solidarity exists between the hospital and the  So regardless of the fact of whether the physician was or was not included by name in the State court complaint, the State court complaint did include the hospital. But the district court took the view that that issue of perfect solidarity was never raised before it until it made its decision. And then there was this motion for reconsideration, and only then was the perfect solidarity argument raised. And district court has a lot of discretion at that point in deciding whether it should entertain the argument, and it flat-out says no. I mean, that could have been raised, wasn't. Motion for consideration is not the time to raise new arguments. Sorry, you're out of luck. And we understand that, Judge. But the thing is that at the end of the day, this State court complaint, which was then filed upon reconsideration, was a document referenced by the appellees in their motion for summary judgment. And our contention was that that motion for summary judgment that was filed was not perfectly filed in the sense that it was, I believe ---- Scalia. Yeah, but counsel, excuse me, that's not a perfect solidarity argument. I mean, that's an argument that Dr. Vega was, I guess, sufficiently identified with, and on that grounds, the statute of limitations was told. That's not a perfect solidarity argument. We understand. The thing is that we never raised the argument before in our response to opposition to the motion for summary judgment because we understood that because the motion for summary judgment was so deficient, it required the court to request or demand from appellees to substantiate their motion for summary judgment. I mean, they referenced six exhibits in the motion for summary judgment, and they forget to attach five. And they file a motion saying that they are going to file the attachments, and they never ---- they never filed those attachments. And that is why we preserved the argument when we filed our response in opposition saying, you know, these documents are missing, and the court does not have an entire full record before it. Counsel, I completely agree with your representation of the record, that the motion that was filed was missing most of the exhibits that it said would be attached. But I think under our case law, as I understand it, Dr. Vega needed to just raise the statute of limitations defense, and then the burden shifted to you and your clients to show why the statute should be told. And I guess trying to understand what is sufficient to just raise the defense, I didn't see any cases that you cited that suggest that what the motion as it was filed, even with the missing exhibits, wasn't enough just to raise the defense. We cited the Suarez v. Pueblo and the Tropigas v. Certain Underwriters where it says that the burden shifts when a properly documented motion or a properly supported motion is filed by the moving party. And our contention is that that motion was not properly filed. I completely understand. And that is the general rule for summary judgment. But again, when we look at the actual specific case law about statute of limitations defenses, as I understand it, the defendant's obligation is just to raise the defense, and then the burden shifts to you to actually come in and show here are the facts, you know, Your Honor, this is why the limitations period should be told. And the motion to the motion as, you know, lacking in exhibits as it was, it did raise the defense. So why is that not enough for the burden to shift to you? Because we understand that it raised the defense, but without any substance, because the substance of the motion was missing the exhibits. Well, to just follow up on that for a moment. Excuse me, Judge Lopez. I mean, it was clear that the, you know, the time when the child died was 2016, and the federal complaint was filed roughly two and a half years later. So there are those basic facts that are in front of the district court, and the statute of limitations is one year. So, you know, again, why isn't that enough just to raise the defense and shift the burden to you? Do you have any specific case? Well, I mean, like I said, you know, the cases that we found regarding this issue, and, you know, I understand the position that appellants are in at this point in time. But what we raised was the fact that, and I apologize for repeating myself, but since the motion, we just understood that since it wasn't properly filed, then not until it was properly filed, then it was that the court could take it under consideration, more so considering the fact that we actually had raised in the complaint allegations that the statute of limitations had been told by a State court complaint. That's what, I mean, I guess it's very frustrating for me personally, you know, for my clients, that, you know, things weren't done right in terms of filing a State court, you know, motion, then filing the Federal court. So, you know, the statute of limitations was told. It was just an issue of the State court complaint, which appellees had referenced in the motion, was never submitted before the court, and the court not wanting to consider it after it was filed in reconsideration. And then the court takes notice of certain facts of that State court complaint, but not taking judicial notice of, for example, the fact that it was filed against the hospital. So if it had taken judicial notice of the fact that it was filed against the hospital, then once again, we would end up in the perfect solidarity argument, and the complaint would not be time-barred against the decision because of the perfect solidarity  argument. If we were to remand the case and say the complaint is alive, technically, under that perfect solidarity theory, you could add three, four, five more defendants because they're within that perfect solidarity. You could amend the complaint, correct? Absolutely, which is the doctrine that we had in Arroyo v. Hospital La Concepcion, which was reversed by the Fraguada case, I believe, in 2012. But before 2012, that was the legal norm in Puerto Rico. You know, you sue one, you're basically suing against all. But with respect to medical malpractice cases in particular, if you sue the hospital because of the perfect solidarity between the hospital and the physician, you are interrupting the statute of limitations against the physician. Does the record reveal why the Commonwealth complaint against the hospital was dismissed? Oh, it was voluntarily dismissed. Why? Because at that point in time, plaintiffs moved to the United States, created diversity jurisdiction, and filed the court in the – filed the complaint in Federal Court. Okay. Thank you, counsel. You have two minutes reserved for rebuttal. Mr. Dominguez, your turn. Now, it's good afternoon, Your Honors. May it please the Court, Igor Dominguez, on behalf of Dr. Vega. Although I have prepared an argument, I believe I'm better off answering some questions of this Honorable Court. First of all, plaintiff contends that because of the hurricane, he could not secure copy of the record. Although there was a hurricane on September 20, 2017, it's unquestionable that all hospitals in Puerto Rico continued working. Okay, but one thing is to work doctors treating individuals, other is patient records and some of those things. Well, there has not been any kind of evidence presented neither to the district court nor here that the record room of Hospital IMA, Bayamón, was closed. Actually, in my office during that time, I received records from IMA in other cases. But that's not the biggest problem that plaintiffs have in this case. Okay? Plaintiff filed their action before the local court on November 30th, one day before the order of the Supreme Court was going to lapse. And there is law, we quote in our brief at page 19, a ruling of the Supreme Court of Puerto Rico in Menéndez v. Rodríguez-Casiano, that the Supreme Court of Puerto Rico, that states that although, according to Rule 15.4 of the local rules of civil procedure, that you can use a John Doe as a defendant, but you have to amend as soon as practical. It's a salient fact in this case that the case was filed on November 30th. It was never amended to include Dr. Vega. And the name of Dr. Vega came forward. More than a year later, when the federal complaint was filed. Also, the rule, Rule 15.4, requires diligence in making the substitution. This didn't happen in this case. Furthermore, plaintiffs are relying in trying to make the ruling of the Fraguada case applicable to this matter. And he cites the case of Lares Medical. That case goes to the application of former Article 1803 of the Civil Code, which is the vicarious liability. In the Lares case, the physician was an employee of Lares Medical, and according to Article 1803, the employer can claim from the employee for any damages that they have to pay. The other case. So under that theory, if Dr. Vega caused damages, the plaintiffs, the survivors of the decease, can recover for the damages, not from Dr. Vega, but from the hospital. From who? From the hospital. They can recover on their vicarious liability. Oh, yes. But not against Dr. Vega, because. That's precisely my point. And furthermore, as it has been ruled many years ago by the Supreme Court, and it was ratified in the other case that Appellant cite in their amended brief, then it's when the hospital assigns the physician, even if it's a member of its medical staff, and that physician incurs a medical malpractice, the hospital can be liable, although it's not an employee, just because of the granting of privilege. But in our case, as it appears from the answer to the complaint by the hospital, Dr. Vega was a member of the medical staff, not an employee of the hospital. Furthermore. Counsel, if perfect solidarity, that doctrine applied here, would you agree that the timely suit in the Commonwealth Court against the hospital would have served to toll the statute of limitations? No, sir. You would not agree with that. No, I don't agree with that. That was ruled in 2012 by the Supreme Court. And not only it was ruled by the Supreme Court, in the new Civil Code of Puerto Rico, it states, the tolling of the statute of limitation of actions on joint obligations equally benefits or harms all creditors and debtors, except for non-contractual obligations when there are various parties are jointly liable for damages. The code, in our opinion, just converted into law the opinion of the Supreme Court in Fraguada. So, I believe, and we submit most respectfully, that the statute of limitation was not told by the plaintiff in this case. And, therefore, we most respectfully request that the ruling of the district court be affirmed. Thank you, Counsel. Any further questions? Okay. Thank you. Okay. Mr. Martinez, you have two minutes for rebuttal. Judge Lepez, to answer your question directly, absolutely, absolutely, if perfect solidarity exists and the State court complaint filed against the hospital definitely tolls the statute of limitations against the physician, that is precisely what the cases of, that we cite of Larez and Hospital Rider expressly resolve because it defines perfect solidarity. It defines perfect solidarity as a relationship between individuals united by a common interest who have frequent relationship or know each other. That is the definition between a hospital and its staff, regardless of whether they are employees or simply have medical privileges. Counsel, is it your – I'm talking now about the motion for reconsideration. I mean, the facts here are terrible. It's a great tragedy for sure. Are you suggesting that when the district court decided that – excuse me, decided that motion for reconsideration, it should have factored into its analysis the tragedy, what's at stake here in deciding whether it should have entertained an argument that clearly was not – well, would appear was not raised before? Should that – should the Court have considered the nature of the underlying claim in deciding whether to enforce that? We definitely believe so, Your Honor, and more so considering once again that if they – if the Court did take into consideration the State court complaint, it would have been made aware of what was allegedly, you know, in controversy, because the State court complaint expressly stated and manifested that it was filed against the hospital, and the – and by perfect solidarity, the claim against Dr. Vega should not have been time-barred. And considering the fact that – that not – not taking into consideration the complaint, the State court complaint, would – would evolve into the dismissal of the cause of action, and considering the fact that that document was referenced by the appellees in their motion for summary judgment, there would have been no harm in – in considering that document, and – and the contrary would just – leads to the dismissal of – of the claim. And – and, you know, we understand respectfully that it abused its – its discretion in – in that sense, because, I mean, what – what harm would have come to the defendant if that document had been considered, considering the fact that the defendant references that very same document in their motion for summary judgment? And – and – and considering the consequences, I mean, the court, sua sponte, could have said, you know, five days and – and filed a – let me see a copy of the – of the complaint. You know, it – it had other alternatives that were less draconian than – than dismissing the entire – than dismissing the entire case, and more so when considering that the jurisprudence substantiates the fact that the claim was not time-barred. I – I mean, counsel cites the – the new civil code. This – the new civil code is entirely inapplicable to this case. We are under the old civil code. And – and the jurisprudence that came in afterwards, after the court's judgment, which is the case, they clarify a doctrine that was murky at that point in time. And – and the case continued against the hospital, and the judge that was – who then received the case admitted this fact in – in – in a motion for summary judgment that the hospital filed, because if a hospital alleged that because the complaint had been dismissed against the physician, then the hospital did not have to respond for the opinion in order, denying that motion for summary judgment of the – for the hospital. The – the judge expressly recognizes the perfect solidarity between the hospital and the physician. That is a conclusion that – that the – that the district court reached, thinking it was a different judge because it was a magistrate judge, the court transferred it to the magistrate judge. But it shouldn't be in controversy that perfect solidarity exists between the hospital and the – and the physician. Okay. Any further questions? Can I just ask one question? My understanding is that the hospital settled with your clients. Yes. And one month later, they went bankrupt, and my clients were left. I saw that in the record. With absolutely nothing. Yeah, I understand. I – and you may not be able to tell us because of the confidentiality of the agreement, but given that the hospital is, it seems to be precariously liable for its staff, did the settlement with the hospital cover the actions of its staff? No. We – we specifically – I mean, I don't know if I should be – If you can't comment, that's fine. I just – I mean, all I can say is that the – the causes of action against Dr. Vega continued. And it was something that the plaintiffs considered at that point in time when they reached the settlement with the hospital intentionally because they – they were – they always knew that they were going to be appealing the district court's judgment. All right. Thank you. Court is adjourned until tomorrow, 930 a.m. All rise. Thank you.